*853 SRINIVASAN, Circuit Judge,
concurring in part and dissenting in part:
For the reasons explained in Part II.A of the court’s opinion, I agree that the failure of the Union representing the surveillance techs to seek recognition from the Casinos prior to filing its certification petitions does not require the petitions’ dismissal. I respectfully disagree, though, with my colleagues’ conclusion in Part II.B that the Board was compelled to conclude that the techs are “guards” within the meaning of Section 9(b)(3) of the National Labor Relations Act.
We have explained that, when reviewing the Board’s determinations about which employees constitute statutory guards, “[w]e must be particularly wary not to substitute judgment where ... the agency’s expertise illuminates the meaning of an open-ended statutory term.” Drivers, Chauffeurs, Warehousemen and Helpers, Local 71 v. NLRB, 553 F.2d 1368, 1374 (D.C. Cir. 1977). Here, as my colleagues explain, ante at 848, whether the techs qualify as guards under the Act turns on whether they “enforce rules” on behalf of the Casinos. 29 U.S.C. § 159(b)(3),
In my view, the Board might have reasonably determined, as my colleagues do, that the techs’ role in maintaining the Casinos’ surveillance equipment bears a sufficient connection to the enforcement of Casino rules to render them guards under the statute. But I also believe the Board acted reasonably in reaching the opposite conclusion. Whatever else the techs’ duties entail, their responsibilities undisputedly do not encompass observing, reporting, or restraining infractions of the Casinos’ rules. I would sustain the Board’s conclusion that employees who lack those duties do not “enforce rules” and thus do not qualify as statutory guards.
More than a half century ago, the Board staked out its position that responsibility “for new installations, periodic inspections, and maintenance and repairs of ... protective equipment” does not render an employee a guard under the NLRA. Am. Dist. Tel Co., 160 NLRB 1130, 1134, 1138 (1966). The Board has maintained that view ever since. For instance, in MGM Grand Hotel, the Board, while indicating that employees who “possess and exercise responsibility to observe and report infractions” qualify as guards, 274 NLRB 139, 140 n.10 (1985) (quoting A.W. Schlesinger Geriatric Ctr., 267 NLRB 1363, 1364 (1983)), explicitly distinguished such employees from ones “involved [in] the installation and maintenance of certain electronic security devices,” id. at 140 n.8. The Board adhered to that line in this case.
The Board’s understanding of what it means to “enforce rules” is entirely consistent with those words’ ordinary meaning. My colleagues rely on the definition of “enforce” in Black’s Lain Dictionary. Even that definition, though, readily accommodates the Board’s interpretation. It is true that the definition’s first entry speaks in *854 terms of giving “force or effect” to a rule. Black’s Law Dictionary 645 (10th ed. 2014). And had the Board determined that the techs qualify as guards, it could have attempted to reason that, by maintaining surveillance equipment, the techs help “give force or effect to” the Casinos’ rules. But in reaching the opposite conclusion— that the techs fail to qualify as guards— the Board maintained full consistency with the definition: the Board could reason that the techs play an insufficiently direct role in “giving force or effect” to the Casinos’ rules. Moreover, the definition states in full: “[t]o give force or effect to (a law, etc.); to compel obedience to.” Id. (emphasis added). The Board’s conclusion that employees qualify as guards only if they observe, report, or restrain infractions draws support from a conception of “enforce” tied to “compelling obedience” to rules.
Here, because the techs’ duties do not include those functions, I would sustain the Board’s conclusion that the techs may be part of the same union as the Casinos’ non-guard employees. That conclusion is unaffected by the techs’ role in “special operations” investigating co-workers suspected of misconduct. In that context, the techs’ duties are confined to ensuring the proper positioning of surveillance cameras and retrieving the footage. Ante at 844. Other employees monitor the feed, review the footage, and, if warranted, interview or confront the subject of the investigation. In that sense, the techs’ responsibilities in connection with investigations of co-workers parallel their duties with regard to surveillance of Casino patrons. If those functions fail to amount to enforcement of the Casinos’ rules when directed at patrons, they likewise fall short of enforcement when directed at co-employees. Respectfully, I therefore believe the Board acted within its discretion in concluding that the techs’ duties do not constitute enforcement of rules within the meaning of the NLRA.